IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAR 17 2011

BY DAVID J MALAND, CLERK
DEPUTY_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | NO. 1:11CR37 |
| | § | Judge Crone/ Giblin |
| JOSHUA MARK BODINE (1) | § | |
| a/k/a "Desperado" | § | |
| JOHN OLIVER MANNING (2) | § | |
| a/k/a "Fish" | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

AT ALL TIMES RELEVANT TO THIS INDICTMENT:

### GENERAL ALLEGATIONS

### THE RACKETEERING ENTERPRISE, THE ARYAN BROTHERHOOD OF TEXAS

1. At all times relevant to this indictment, the defendants, **Joshua Mark Bodine, a/k/a "Desperado"** and **John Oliver Manning, a/k/a "Fish"** were members/prospects/associates of the Aryan Brotherhood of Texas ("ABT"), a criminal organization whose members/prospects/associates engaged in acts of violence and other criminal activities involving murder, attempted murder, assault, counterfeiting, and narcotics trafficking. At all relevant times, the ABT operated in the Eastern District of Texas and elsewhere.

2. The ABT, including its leadership, membership, prospects and associates, constitutes an enterprise as defined in 18 U.S.C. § 1959(b)(2), that is, a group of

Indictment - Page 1

individuals associated in fact, which is engaged in or the activities of which affect, interstate and foreign commerce. The enterprise constitutes an ongoing organization whose members/prospects/associates functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

3. The ABT is a powerful race-based Texas state-wide organization operating inside and outside of state and federal prisons throughout the State of Texas and the United States. The ABT was established in the early 1980s within the Texas Department of Criminal Justice ("TDCJ"). The ABT modeled itself after and adopted many of the precepts and writings of the Aryan Brotherhood, a California-based prison gang that was formed in the California prison system during the 1960s. The ABT promotes "whites" as the superior race, and it offers protection to white inmates if they join the criminal enterprise. Membership in the ABT is for life. They adhere to the motto that "God Forgives, Brothers Don't" ("GFBD").

4. The ABT has a written charter and by-laws ("Constitution"). The Constitution lists the duties and responsibilities of the organization and membership and is considered the foundation of the organization.

5. In the past, the ABT was primarily concerned with the protection of white inmates and white supremacy/separatism. Over time the ABT has expanded its focus more towards a criminal enterprise to include illegal activities for profit. In some cases, the ABT has made alliances with prison gangs of other ethnicities to aid in unlawful activities for profit. However, most members of the ABT live the philosophy of "14/88." The

number "14" represents the "Fourteen Words" that form the basis of their belief, which is: "We must secure the existence of our people and a future for white children." The number "8" represents the eighth letter of the alphabet (H), which when appearing twice – "88" or HH – signifies "Heil Hitler," a reference to Adolf Hitler.

6. Once released from incarceration, ABT members/prospects/associates continue to engage in criminal activity on behalf of the enterprise. Members are required to remain loyal to the ABT and to work to further the goals of the ABT through criminal activity. One of the goals of the ABT is to recruit new members. ABT members take a "blood in, blood out" oath. This means members have to draw blood on behalf of the ABT, which according to the Constitution results in a lifetime commitment. Members are required to sign a "Blind Faith Commitment" in which they agree to do anything directed or requested by their superiors without question. Failure to comply may result in severe beatings, known as beat-downs, or death. These violent acts are carried out primarily by other ABT members and sometimes by their prospects and associates.

7. The ABT enforces its rules and promotes discipline among its members/prospects/associates through murder, attempted murder, conspiracy to murder, aggravated assault, robbery, witness intimidation, and threats against those who violate the rules or pose a threat to the enterprise. The ABT also uses murder and the threat of murder to maintain a position of power inside and outside of prison. Maintaining power and avoiding loss of stature motivates the ABT to commit violent acts against individuals believed to be disrespectful toward the ABT. Those members/prospects/associates who

Indictment - Page 3

do not follow the orders of the ABT are also subject to murder, as is anyone who uses violence against an ABT member/prospect/associate.

ABT members/prospects/associates who cooperate with law enforcement authorities are also subject to murder.

## MEMBERSHIP

8. ABT members are recruited from both inside and outside of prison. In order to be considered for ABT membership, a person must be sponsored by another ABT member. Once sponsored, a prospective member must serve an unspecified term wherein he is referred to as a prospect while his conduct is observed by the members of the ABT. During this period, the prospect studies and learns the ABT Constitution and the "prospect schooling guide." While a prospect, the individual is considered part of the ABT family and entitled to the full protection of the enterprise. The prospect is also subject to the rules and orders of the enterprise. If the prospect's conduct during the probationary period is deemed satisfactory he is admitted by a vote of the majority of all ABT members present.

9. ABT members use the term "Church" when referring to gang meetings, where criminal activity by ABT members is often discussed. These meetings are generally held in locations where secrecy can be maintained.

10. In addition to members, the enterprise includes those closely affiliated with the ABT who are called "associates." While females are not allowed to become members of the ABT, those who associate with the ABT and engage in criminal activity for the

Indictment - Page 4

benefit of the ABT are often referred to as "featherwoods." Associates who do not fulfill their obligations to the ABT are sometimes subject to violence, including murder.

11.  Members, and oftentimes associates, are required to follow the orders of higher-ranking members, often referred to as a "direct order" or "D.O." In particular, members are required, when ordered, to kill or assault without hesitation. Members and associates who do not fulfill their obligations to the ABT are themselves subject to violent acts, including murder and assault.

## LEADERSHIP STRUCTURE

12.  In Texas there are two competing ABT factions. Each faction follows the leadership of their respective faction. Each faction has similar chain of command structures and has a defined militaristic ranking structure. ABT members refer to the gang as the "Family." The hierarchy of each faction is broken up into separate TDCJ regions. There are five TDCJ regions. Each region has the following chain of command: general, major, captain, lieutenant, sergeant-at-arms, and soldier. The ranking structure remains constant; however, there are frequent personnel changes (promotions, demotions, terminations) within the rank structure. Each faction of the ABT is governed by a five person "Steering Committee" (Wheel). Each Wheel member (who holds the rank of General) is responsible for one of five separate regions within the State of Texas. Each Wheel member is responsible for appointing his subordinate, ranking member (Majors) within his respective region. Each Wheel member also appoints an inside Major (in-custody member) and an outside Major (referred to as someone in the "free world") in

Indictment - Page 5

their respective region. These Majors, in turn, are responsible for appointing their subordinate Captains and Lieutenants who, in turn, appoint their sergeants. Wheel members typically remain in place regardless of custody status unlike other ranking members who typically lose rank when their custody status changes.

## PURPOSES OF THE ENTERPRISE

13. The purposes of the enterprise include the following:

   a. Preserving and protecting power, territory, and profits through the use of intimidation, violence, threats of violence, assaults, robbery, and murder;

   b. Promoting and enhancing members'/prospects'/associates' activities;

   c. Keeping non-members and its members/prospects/associates in fear of the enterprise through threats of violence and actual violence; and

   d. Enriching the members/prospects/associates of the ABT through robberies, counterfeiting, and narcotics trafficking.

## MEANS AND METHODS OF THE ENTERPRISE

14. The means and methods by which the members/prospects/associates conduct and participate in the affairs of the ABT criminal enterprise include the following:

   a. ABT members/prospects/associates commit, and attempt and threaten to commit, acts of violence, including assault and murder, in order to protect and expand their criminal operations and to maintain their status.

   b. ABT members promote a climate of fear through violence and threats of violence.

Indictment - Page 6

 c. The ABT rules dictate that an attack against a member will be considered an attack on the enterprise as a whole. All ABT members are required to counter any such attack.

 d. ABT members promulgate rules as documented in their Constitution to be followed by all participants, including the rule that any ABT member assisting law enforcement authorities must be killed.

 e. To enforce the rules and promote discipline, ABT members murder, attempt to murder, assault, and threaten those participants in the enterprise who violate rules or orders, or who pose a threat to the enterprise.

 f. To generate income, ABT members engage in illegal activities under the protection of the enterprise, including firearms trafficking, narcotics trafficking, fraud, counterfeiting, and other illegal activities.

 g. For protection and armed combat, ABT members acquire, carry and use firearms.

 h. To perpetuate the enterprise, ABT members attempt to conceal from law enforcement the existence of the ABT, the identity of its participants, and the way in which it conducts its affairs.

 i. To conceal their activities, ABT members communicate using codes and hidden messages, and use a network of hubs to relay messages among members/prospects/associates.

15. The above-described enterprise, through its members, prospects, and associates,

engaged in racketeering activity as defined in 18 U.S.C. § 1959(b)(1) and 1961(1), namely acts involving narcotics trafficking, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

## Overview

16.     On or about September 7, 2009, ABT member **John Oliver Manning, a/k/a "Fish"**, on the orders of **Joshua Mark Bodine, a/k/a "Desperado,"** shot and wounded ABT associate Matthew Fails because of Fails' outstanding drug debt, in Jefferson County, Texas.

## Count One

>    Violation: 18 U.S.C. § 1959(a)(6)
>    (Violent Crimes in Aid of Racketeering
>    Activity)

### Conspiracy to Assault Matthew Fails

17.     At all times relevant to this indictment, the ABT, as more fully described in Paragraphs one through sixteen of the General Allegations, which are re-alleged and incorporated by reference as though fully set forth herein, constituted an enterprise as defined in 18 U.S.C. § 1959(b)(2), that is, a group of individuals associated in fact, which is engaged in or the activities of which affect, interstate and foreign commerce.

18.     On or about September 7, 2009, in Jefferson County, in the Eastern District of Texas and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in the ABT, an enterprise engaged in racketeering activity, the defendants, **Joshua Mark Bodine, a/k/a "Desperado," John Oliver Manning, a/k/a**

"**Fish,**" and others known and unknown to the grand jury, did conspire to assault Matthew Fails with a dangerous weapon, in violation of Texas Penal Code, Sections 22.02 and 15.02.

All in violation of 18 U.S.C. § 1959(a)(6).

## Count Two

> Violation: 18 U.S.C. § 1959(a)(3)
> (Violent Crimes in Aid of Racketeering Activity)

### Assault on Matthew Fails

19. At all times relevant to this indictment, the ABT, as more fully described in paragraphs one through sixteen of the General Allegations, which are re-alleged and incorporated by reference as though fully set forth herein, constituted an enterprise as defined in 18 U.S.C. § 1959(b)(2), that is, a group of individuals associated in fact which is engaged in or the activities of which affect, interstate and foreign commerce.

20. On or about September 7, 2009, in Jefferson County, in the Eastern District of Texas and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in the ABT, an enterprise engaged in racketeering activity, the defendants, **Joshua Mark Bodine, a/k/a "Desperado," John Oliver Manning, a/k/a "Fish,"** and others known and unknown to the grand jury, aiding each other, did assault Matthew Fails with a dangerous weapon, in violation of Texas Penal Code, Sections 22.02(a)(2) and 7.01, and did assault Matthew Fails resulting in serious bodily injury, in violation of Texas Penal Code, Sections 22.02(a)(1) and 7.01.

All in violation of 18 U.S.C. §§ 1959(a)(3) and 2.

### Count Three

> Violation: 18 U.S.C. § 924(c)(1)(A)(iii) (Using and Carrying a Firearm During and in Relation to a Crime of Violence, and 18.U.S.C. § 2)

21. On or about September 7, 2009, in Jefferson County, in the Eastern District of Texas and elsewhere, defendants, **Joshua Mark Bodine, a/k/a "Desperado,"** and **John Oliver Manning, a/k/a "Fish,"** did knowingly use and carry a firearm during and in relation to, and possess a firearm in furtherance of, a crime of violence for which they may be prosecuted in a Court of the United States, as alleged in Count Two of the indictment, which is incorporated here, and did in the course of such offense discharge the firearm.

In violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2.

### Count Four

> Violation: 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Felon in Possession of a Firearm and Ammunition)

22. On or about September 7, 2009, in the Eastern District of Texas and elsewhere, defendant **John Oliver Manning, a/k/a "Fish,"** who had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: Felony Theft, on January 10, 1994, in cause number 92-0190-CR in the 25th District Court of Guadalupe County, Texas, and Bank Robbery, a felony, on September 23, 1997 in cause number A-

97-CR-063-1, in the United States District Court for the Western District of Texas, Austin Division, did knowingly and unlawfully possess, in and affecting interstate commerce, a firearm and ammunition, to wit: a 9mm type semi-automatic pistol, and one (1) round of Speer 9mm caliber ammunition.

In violation of 18 U.S.C.§§ 922(g)(1), 924(a)(2) and 2.

### Count Five

Violation: 18 U.S.C. § 922(g)(1)
(Felon in Possession of a Firearm)

23. On or about February 24, 2011, in the Eastern District of Texas, defendant, **Joshua Mark Bodine, a/k/a "Desperado,"** having been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: Burglary of a Habitation, a felony, in cause number D970208, in the 260th District Court of Orange County, Texas on October 3, 1997; Burglary of a Building, a felony, in cause number D980010, in the 260th District Court of Orange County, Texas on February 18, 1999; Burglary of a Habitation, a felony, in cause number D990249, in the 260th District Court of Orange County, Texas on May 14, 1999; Possession of a Controlled Substance, a felony, in cause number 91133, in the Criminal District Court of Jefferson County, Texas on June 8, 2004; Possession of a Controlled Substance, a felony, in cause number A060508-R, in the 128th District Court of Orange County, Texas on October 19, 2006, did knowingly possess in and affecting interstate commerce, a firearm, to wit: one (1) Cobra Enterprises, 9mm derringer, bearing serial number CT063414.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## Count Six

Violation: 18 U.S.C. § 922(j)
(Possession of a Stolen Firearm)

24. On or about February 24, 2011, in the Eastern District of Texas and elsewhere, defendant, **Joshua Mark Bodine, a/k/a "Desperado,"** knowingly possessed a stolen firearm, that is, one (1) Cobra Enterprises, 9mm derringer, bearing serial number CT063414, which had been shipped and transported in interstate commerce, knowing and having reasonable cause to believe the firearm was stolen.

In violation of 18 U.S.C. § 922(j).

## Count Seven

Violation: 21 U.S.C. § 841(a)(1)
(Possession With Intent to Distribute
a Controlled Substance)

25. On or about February 24, 2011, in the Eastern District of Texas, defendant, **Joshua Mark Bodine, a/k/a "Desperado,"** did knowingly and intentionally possess with the intent to distribute five (5) grams or more, but less than fifty (50) grams, of a schedule II controlled substance, namely, methamphetamine, to wit: "actual" methamphetamine.

In violation of 21 U.S.C. § 841(a)(1).

**Indictment - Page 12**

## Count Eight

Violation: 18 U.S.C. § 924(c)(1)
(Possession of a Firearm in Furtherance
of a Drug Trafficking Crime)

26. On or about February 24, 2011, in the Eastern District of Texas, defendant, **Joshua Mark Bodine, a/k/a "Desperado,"** knowingly possessed a firearm, to wit: one (1) Cobra Enterprises, 9mm derringer, bearing serial number CT063414, during and in furtherance of a drug trafficking crime which may be prosecuted in a court of the United States, namely, a violation of 21 U.S.C. § 841, Possession with Intent to Distribute a Controlled Substance.

In violation of 18 U.S.C. § 924(c)(1).

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

*Baylor Wortham*
BAYLOR WORTHAM
Special Assistant United States Attorney

*Cody Skipper*
CODY L. SKIPPER
Trial Attorney, Dept. of Justice

March 17, 2011
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | NO. 1:11CR 37 |
| § | Judge _____ |
| JOSHUA MARK BODINE (1) § | |
| a/k/a "Desperado" § | |
| JOHN OLIVER MANNING (2) § | |
| a/k/a "Fish" § | |

## NOTICE OF PENALTY

### Count One

Violation: 18 U.S.C. § 1959(a)(6)

Penalty: A fine of not more than $250,000; imprisonment for not more than three (3) years; a term of supervised release of not more than three (3) years.

Special Assessment: $100

### Count Two

Violation: 18 U.S.C. § 1959(a)(3)

Penalty: A fine of not more than $250,000; imprisonment for not more than twenty (20) years; a term of supervised release of not more than three (3) years.

Special Assessment: $100

Indictment - Page 14

## Count Three

Violation: 18 U.S.C. §§ 924(c)(1)(A)(iii)

Penalty: A fine of not more than $250,000; a mandatory ten year imprisonment to be served consecutively with the punishment received on the underlying offense in the indictment to life; a term of supervised release of not more than three (3) years. 18 U.S.C. § 924(c)(1)(A)(i).

In the case of a second or subsequent conviction for this violation imprisonment of not less than 25 years to life. 18 U.S.C. § 924(c)(1)(C)(i).

Any person convicted of this violation shall not be placed on probation and no term of imprisonment shall run concurrently with any other term of imprisonment. 18 U.S.C. § 924(c)(1)(D)(i) and (ii).

Special Assessment: $100

## Counts Four and Five

Violation: 18 U.S.C. § 922(g)(1) and 924(a)(2)

Penalty: A fine of not more than $250,000; imprisonment for not more than ten (10) years; a term of supervised release of not more than three (3) years. 18 U.S.C. § 924(a)(2).

If it is shown the defendant has three previous convictions by any court for a violent felony or a serious drug offense, or both, committed on occasions different from one another, then the penalty will be imprisonment of 15 years to life, a fine not to exceed $250,000, or both and a term of supervised release of at least three (3) years but not more than five (5) years.

Special Assessment: $100

### Count Six

| | |
|---|---|
| Violation: | 18 U.S.C. § 922(j) and 924(a)(2) |
| Penalty: | Imprisonment not to exceed ten (10) years, a fine not to exceed $250,000, or both, and a term of supervised release of not more than three (3) years. |

Special Assessment: $100

### Count Seven

| | |
|---|---|
| Violation: | 21 U.S.C. § 841(a)(1) |
| Penalty: | (Actual Methamphetamine) |

If 50 grams or more of actual methamphetamine - not less than 10 years or not more than life imprisonment, a fine not to exceed $4 million, or both - supervised release of at least 5 years, but not more than life;

If 5 grams or more, but less than 50 grams of actual methamphetamine - not less than 5 years and not more than 40 years imprisonment, a fine not to exceed $2 million, or both, and supervised release of at least 4 years, but not more than life;

If less than 5 grams of actual methamphetamine - not more than 20 years imprisonment, a fine not to exceed $1 million, or both, and supervised release of at least 3 years, but not more than life.

Special Assessment: $100

### Count Eight

| | |
|---|---|
| Violation: | 18 U.S.C. § 924(c) |
| Penalty: | Imprisonment of not less than 5 years, which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000.00, or both; and supervised release of at least three (3) years, but not more than five (5) years. |

>In the case of a second or subsequent conviction, imprisonment of not less than 25 years which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000, or both; and supervised release of at least three (3) years, but not more than five (5) years.

Special Assessment: $100.00